UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY GONZALES, | No. C 07-5346 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| REILLY; et al., | |
| Defendants. | |

## INTRODUCTION

Ricky Gonzales, an inmate at Pelican Bay State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A. His motion for appointment of counsel also is before the court for consideration.

## BACKGROUND

In his complaint, Gonzales complains about the response he received when he complained that he thought he was having a heart attack. Gonzales alleges the following in his complaint: Gonzales has hypertension and takes medication for it. On June 24, 2007, Gonzales told floor staff that he had a medical emergency due to a sharp pain in his upper left shoulder area. He was taken out of his cell and escorted to the medical clinic, where he was seen by psych tech Rodriguez, whose duty it was to address medical concerns and to summon a registered nurse if the concerns became urgent. After Gonzales told Rodriguez of his situation, Rodriguez checked Gonzales' vital signs, "then falsified the reading" and sat back down. Complaint, statement of claim, p. 1. He asked what Gonzales wanted him to do next; Gonzales asked for help. Rodriguez then told Gonzales he was "faking it." Id. Gonzales was put in a small cell, and

**United States District Court**
For the Northern District of California

subjected to a strip search, which was difficult for Gonzales because he was in pain. He apparently didn't complete the strip search and instead was handcuffed. Another correctional officer told the staff to keep Gonzales where he was because he had received a call from the infirmary and was told that a registered nurse was on his or her way to see Gonzales. Gonzales was taken back to his cell by C/O Jose, who told him he was "faking it." Id. at 2. Gonzales later complained to the tower officer that his pain had worsened. C/O Reilly and psych-tech Rodriguez appeared at his cell door and gave him medication for his back problem that Gonzales did not think would help because he had chest pains. Rodriguez again said he thought Gonzales was faking. Rodriguez and Reilly left the area. Nothing further happened.

In or about May, Dr. Williams told Gonzales that if there was a problem with Gonzales' treatment, Dr. Williams "was going to label me as a 'D.N.R.' (do not resuscitate)." Id. at 3. That led Gonzales to believe that staff had acted as they did on June 24 as a result of Dr. Williams' orders. Gonzales states that Dr. Williams apologized after his actions were investigated by Gonzales' mental health doctor.

**DISCUSSION**

A.   Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

2

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1976). To prove that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

The allegations of the complaint do not state a claim for an Eighth Amendment violation. Gonzales thought he was having a heart attack and the psych-tech who evaluated him disagreed and thought he was faking. Other members of the correctional staff also said they thought he was faking. The allegations of the complaint disclose insensitive comments and an uncaring attitude by a lot of people, but fail to indicate that those made any difference to Gonzales' medical needs. The Eighth Amendment does not prohibit bad or uncaring attitudes. Gonzales does not allege that he actually had a heart attack, but only that he thought he was having one. However, his allegations show that the medical screener who took his vital signs disagreed. That person also later brought him pain medications for his back, although Gonzales states that it was not his back that was the problem. The complaint does not allege that any harm came to Gonzales as a result of defendants' uncaring attitudes. Leave to amend will be granted so that Gonzales may attempt to allege such facts as exist that might show that he was harmed by defendants' actions and inactions that day.

The allegations that various members of the prison staff said uncaring things are not actionable separately. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment). Although the unkind and uncaring comments made to Gonzales may be relevant to a medical claim, they are not otherwise actionable under § 1983.

3

B.  Motion For Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. A district court has discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factor is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Having considered both of these factors, the court concludes that exceptional circumstances requiring the appointment of counsel are not evident in this case. The motion for appointment of counsel is denied.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **April 25, 2008**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

The motion for appointment of counsel is DENIED. (Docket # 2.)

IT IS SO ORDERED.

Dated: March 12, 2008

_____
SUSAN ILLSTON
United States District Judge

4