RICKY GONZALES
PELICAN BAY STATE PRISON
P.O. BOX-7500
CRESCENT CITY, C.A. 95532
PETITIONER, PRO SE.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY GONZALES<br>PLAINTIFF,<br>V.<br>REILLY, ET AL,<br>DEFENDANTS | NO. C 07-5346 SI (PR)<br><br>PLAINTIFF'S AMENDED COMPLAINT |

## GENERAL ALLEGATIONS

1. THIS IS A COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR DEFENDANTS' DELIBERATE INDIFFERENCE TO THE SERIOUS MEDICAL NEED OF PLAINTIFF'S DIAGNOSIS TO A HEART CONDITION DURING THE (HIS) CONFINEMENT BY CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION ("C.D.C.R") AT CALIFORNIA STATE PRISON AT PELICAN BAY STATE PRISON IN CRESCENT CITY, CALIFORNIA.

2. THIS ACTION ARISES UNDER 42 U.S.C 1983, AND JURISDICTION IS BASED UPON 28 1331 AND 1343

3. ALL OF THE CONDUCT GIVING RISE TO THE CLAIMS ALLEGED HEREIN AROSE IN DEL NORTE COUNTY, CALIFORNIA. THERE FOR, VENUE IS PROPER UNDER 28 U.S.C 1391 (B)(2)

4. PLAINTIFF, RICKY GONZALES, IS AND WAS AT ALL RELEVANT TIMES

MENTIONED HEREIN AN INMATE IN THE CUSTODY, CONTROL, AND CARE OF C.D.C.R EMPLOYEES, PLAINTIFF HAS BEEN AN INMATE AT PELICAN BAY STATE PRISON SINCE SEPTEMBER 27, 2004, AT ALL TIMES DURING MY INCARCERATION, PLAINTIFF HAS RELIED ON PELICAN BAY STAT PRISON ("P.B.S.P") EMPLOYEES AND THEIR MEDICAL STAFF TO PROVIDE ME WITH THE NECESSARY MEDICAL CARE.

5. DEFENDANT "DOE #1" WAS AT ALL TIMES MENTIONED IN THIS COMPLAINT THE DIRECTOR OF THE C.D.C.R. (S)HE IS LEGALLY RESPONSIBLE FOR THE OVER-ALL OPERATION OF THE DEPARTMENT AND EACH INSTITUTION UNDER IT'S JURISDICTION, INCLUDING P.B.S.P.

6. DEFENDANT. ROBERT A. HOREL, WAS AND STILL REMAINS THE WARDEN AT PBSP, HE IS LEGALLY RESPONSIBLE FOR THE OPERATION OF PBSP AND FOR THE WELFARE OF ALL THE INMATES OF THAT PRISON.

7. DEFENDANT M.A. COOK, WAS THE ASSOCIATE WARDEN AT PBSP. AT ALL RELEVANT TIMES MENTIONED HEREIN. HE WAS LEGALLY RESPONSIBLE FOR ASSISTING THE WARDEN AT PBSP WITH THE OPERATION OF PBSP.

8. DEFENDANT "DOE #2" , IS A CORRECTIONAL OFFICER FOR CDCR. AT ALL RELEVANT TIMES MENTIONED HEREIN, SHE HELD THE RANK OF SERGEANT AND WAS ASSIGNED TO THE LOCATION WHERE THE VIOLATION TOOK PLACE.

9. DEFENDANT REILLY, IS A CORRECTIONAL OFFICER FOR CDCR, WHO AT ALL RELEVANT TIMES MENTIONED HEREIN, WAS ASSIGNED TO PBSP, AND INVOLVED IN THE VIOLATION OF MY SECURED RIGHTS UNDER THE EIGHTH AMENDMENT CLAUSE.

10, DEFENDANT JOSE, IS A CORRECTIONAL OFFICER FOR CDCR, WHO AT ALL RELEVANT TIMES MENTIONED HEREIN, WAS ASSIGNED TO THE LOCATION, AND PLAYED PART IN THE VIOLATION OF MY SECURED RIGHT UNDER THE EIGHTH AMENDMENT CLAUSE.

11. DEFENDANT. RODRIGUEZ, PSYCH TECH (P.T) IS, AND AT ALL RELEVANT TIMES HEREIN WAS EMPLOYED BY THE CDCR AS A MEDICAL RELIANT AT PBSP,, PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT RODRIGUEZ IS A PROPERLY TRAINED AND LICENSED WHO IS AND HAS BEEN RESPONSIBLE

FOR THE MEDICAL CARE OF ALL INMATE AT PBSP, PARTICULARLY AT THE LOCATION WHERE THE VIOLATION TOOK PLACE. AT ALL TIMES MENTIONED DEFENDANT RODRIGUEZ WAS ACTION UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF HIS EMPLOYMENT, AND IS SUED HEREIN IN HIS OFFICAL AND INDIVIDUAL CAPACITIES.

12. DEFENDANT "DOE#3 RN IS, AND AT ALL TIMES RELEVANT HEREIN WAS EMPLOYED BY THE CDCR AS A REGISTERED NURSE AT PBSP, PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT IS A TRAINED AND LICENSED REGISTERED NURSE WHO IS AND HAS BEEN RESPONSIBLE FOR THE MEDICAL CARE OF ALL INMATES HERE AT PBSP. PARTICULARLY AT THE LOCATION WERE THE VIOLATION TOOK PLACE.

13. DEFENDANT M. SAYRE, M.D. IS, AND AT ALL REVELANT TIMES HEREIN WAS EMPLOYED BY THE CDCR AS A CHIEF MEDOCAL OFFICER, AND/OR A CHIEF PHYSICIAN AND SURGEON. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT M. SAYRE, M.D. IS A PROPERLY TRAINED AND LICENSED MEDICAL DOCTOR WHO IS AND HAS BEEN RESPONSIBLE FOR MEDICAL CARE OF ALL INMATES AT PBSP. THIS INCLUDES, BUT NOT LIMITED TO, THE SUPERVISION, DIRECTION, AND/OR PROPER TRAINING OF THE MEDICAL STAFF AT PBSP IN THE DELIVERY OF HEALTH CARE SERVICES AND THE MANAGEMENT OF HEALTH CARE PROGRAMS; INVOLVEMENT IN THE DETERMINATION OF PROPER MEDICAL CARE FOR INMATES, INCLUDING, BUT NOT LIMITED TO, HAVING AUTHORITY TO ORDER AND APPROVE TESTS AND TREATMENTS TO BE DONE, HAVING AUTHORITY TO ESTABLISH CERTAIN PROTOCOLS TO PREVENT ERROR FROM TAKEN PLACE, HAVING AUTHORITY AND RESPONSIBILITY FOR ASSURING THE PROPER ORDERING AND STOCKING OF MEDICAL SUPPLIES; COMMUNICATION OF MEDICAL NEEDS TO THE CORRECTIONAL CUSTODY STAFF, AND, GENERALLY, MAKING SURE THAT PROPER MEDICAL TREATMENT IS PROVIDED TO ALL INMATES. PLAINTIFF IS FURTHER INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT M. SAYRE. MD. IS RESPONSIBLE FOR ASSURING THAT PBSP MEDICAL STAFF, AND ALL OTHER MEDICAL PROVIDERS WITH WHOM THE CDC CONTRACTS IN PROVIDING MEDICAL CARE TO INMATES

AT PBSP, PROVIDES PROPER MEDICAL CARE TO THE INMATE, AND THAT ALL SUCH INDIVIDUALS KNOW AND UNDERSTAND, AND ACT PURSUANT TO CDCR POLICY. AT ALL TIMES MENTIONED DEFENDANT M. SAYRE, MD, WAS ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF HIS EMPLOYMENT, AND IS SUED HEREIN IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES.

14, DEFENDANT, WILLIAMS, MD, IS, AND AT ALL TIMES MENTIONED HEREIN WAS EMPLOYED BY THE CDCR AS A PHYSICIAN AND SURGEON AT PBSP. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT DOCTOR WILLIAMS IS PROPERLY TRAINED AND LICENSED MEDICAL DOCTOR WHO IS AND HAS BEEN RESPONSIBLE FOR THE MEDICAL CARE OF ALL INMATES AT PBSP. THIS INCLUDES, BUT IS NOT LIMITED TO, THE SUPERVISION, DIRECTION, AND/OR PROPER TRAINING OF THE MEDICAL STAFF AT PBSP IN THE DELIVERY OF HEALTH CARE SERVICES AND THE MANAGEMENT OF HEALTH CARE PROGRAMS; INVOLVEMENT IN THE DETERMINATION OF PROPER MEDICAL CARE FOR INMATES, INCLUDING, BUT NOT LIMITED TO, HAVING THE AUTHORITY TO ASSURE THAT ALL INMATES RECEIVE THE PROPER MEDICAL TREATMENT THAT FALLS IN THE RANGE OF THE INMATES WELL-BEING, HAVING THE AUTHORITY AND RESPONSIBILITY FOR ASSURING THE PROPER ORDERING AND STOCKING OF MEDICAL SUPPLIES; COMMUNICATION OF MEDICAL NEEDS TO THE CORRECTIONAL CUSTODY STAFF, PLAINTIFF IS FURTHER INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT DOCTOR WILLIAMS IS RESPONSSIBLE FOR ASSURING THAT PBSP MEDICAL STAFF, AND ALL OTHER MEDICAL PROVIDERS WITH WHOM THE CDCR CONTRACTS WITH IN PROVIDING MEDICAL CARE TO INMATES AT PBSP, PROVIDE PROPER MEDICAL CARE TO THE INMATES, AND THAT SUCH INDIVIDUALS KNOW AND UNDERSTAND, AND ACT PURSUANT TO CDCR POLICY, AT ALL TIMES MENTIONED DEFENDANT DOCTOR WILLIAMS WAS ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF HIS EMPLOYMENT, AND IS SUED HEREIN IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES.

15. DEFENDANT MORRISON IS, AND AT ALL TIMES RELEVANT HEREIN WAS EMPLOYED BY THE CDCR AS A CORRECTIONAL OFFICER AT PBSP. PLAINTIFF IS INFORMED AND BELIEVES, AND HEREIN ALLEGES, THAT DEFENDANT MORRISON IS A PROPERLY TRAINED

CORRECTIONAL OFFICER WHO IS AND HAS BEEN RESPONSIBLE FOR THE SAFETY, SECURITY, AND OVER ALL WELL-BEING OF INMATES AT PBSP. AT ALL TIMES MENTIONED DEFENDANT 'MORRISON WAS ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF (S)HE EMPLOYMENT, AND IS SUED IN [S]HE OFFICIAL AND INDIVIDUAL CAPACITIES.

16. DEFENDANT DESIGNATED HEREIN AS DOE#1, INCLUSIVE, CONSIST OF ANY AND ALL SUCCESSORS OF DEFENDANT DIRECTOR WHETHER IN "ACTING" CAPACITY OR OTHERWISE, AS ACTING DIRECTOR AND AS DIRECTOR, DOES #1, DEFENDANT ROBERT A. HOREL, DEFENDANT DOE #2, DEFENDANT REILLY, DEFENDANT JOSE, DEFENDANT "DOE#4", ARE RESPONSIBLE FOR ENFORCING AND/OR SUPERVISING THE ENFORCEMENT OF POLICIES AND PROCEDURES AFFECTING THE MEDICAL CARE OF ALL INMATES WITHIN THE PBSP, THESE DEFENDANTS ARE ALSO RESPONSIBLE FOR ASSURING THAT INMATES RECEIVE PROPER MEDICAL CARE, SPECIFICALLY TO THOSE INMATES THAT HAVE BEEN DIAGNOSED WITH A HEART CONDITION. AT ALL TIMES MENTIONED THESE DEFENDANTS WERE ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF THEIR EMPLOYMENT, AND ARE SUED HEREIN IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES. THE TRUE NAMES AND CAPACITIES OF THE ABOVE SAID "DOES #1, 2, AND 4 ARE PRESENTLY UNKNOWN TO PLAINTIFF, WHO THEREFORE SUES THEM BY FICTITIOUS NAMES AND WILL SEEK LEAVE TO AMEND THIS COMPLAINT TO ADD THEIR TRUE NAMES AND CAPACITIES WHEN THEY HAVE BEEN ASCERTAINED.

17. DEFENDANTS DESIGNATED HEREIN AS "DOE#3", DEFENDANT RODRIGUEZ, DEFENDANT WILLIAMS, DEFENDANT M. SAYRE, INCLUSIVE, CONSIST OF INDIVIDUALS OTHER THAN ACTING DIRECTOR OR DIRECTOR OF CDCR, WHO WERE OR ARE CURRENTLY EMPLOYED BY THE CDCR AND ARE RESPONSIBLE FOR THE MEDICAL CARE OF PLAINTIFF AT ALL TIMES MENTIONED HEREIN, INCLUDING, BUT NOT LIMITED TO, THE SUPERVISION, DIRECTION, AND/OR PROPER TRAINING OF THE MEDICAL STAFF AT PBSP IN THE DELIVERY OF HEALTH CARE SERVICES AND THE MANAGEMENT OF HEALTH CARE PROGRAMS; INVOLVEMENT IN THE DETERMINATION OF PROPER MEDICAL CARE FOR INMATES, INCLUDING, BUT NOT LIMITED TO, HAVING AUTHORITY TO ORDER AND APPROVE MEDICAL TEST AND TREATMENTS TO BE DONE;

HAVING AUTHORITY TO ASSURE THAT INMATES WHO ARE UNDERGOING A HEART ATTACK RECEIVE CONTINUING PROPER MEDICAL CARE; HAVING AUTHORITY AND RESPONSIBILITY FOR ASSURING THE PROPER ORDERING AND STOCKING OF MEDICAL SUPPLIES; COMMUNICATION OF MEDICAL NEEDS TO THE CORRECTIONAL CUSTODY STAFF; AND, GENERALLY, MAKING SURE THAT PROPER MEDICAL TREATMENT IS PROVIDED TO ALL INMATES. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, EACH OF THESE DEFENDANTS IS RESPONSIBLE IN SOME MANNER FOR THE INJURIES ALLEGED IN THIS COMPLAINT. AT ALL TIMES MENTIONED HEREIN THESE DEFENDANTS WERE ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF THEIR EMPLOYMENT, AND ARE SUED HEREIN IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES. THE TRUE FULL NAMES AND CAPACITIES OF THE MENTIONED DEFENDANTS HEREIN ARE PARTIALLY AND/OR PRESENTLY UNKNOWN TO PLAINTIFF, WHO THEREFORE SUES THEM BY SUCH FICTITIOUS NAMES AND WILL SEEK LEAVE TO AMEND THIS COMPLAINT TO ADD THEIR FULL AND TRUE NAMES AND CAPACITIES WHEN THEY HAVE BEEN ASCERTAINED.

18. SINCE APPROXIMATELY MARCH 2005, PLAINTIFF HAS BEEN DIAGNOSED WITH A HEART CONDITION, FROM MARCH 2005, WHEN THE DIAGNOSIS WAS PUT INTO EFFECT, UP UNTIL THE DATE OF THE INCIDENT OCCURRED, PLAINTIFF HAD UNDERGONE NUMEROUS HEART MEDICATION TO WHERE TWO DIFFERANT TYPES OF MEDICATION HAD TO BE CONSUMED INORDER TO KEEP MY BLOOD PRESSURE FROM GOING OUT OF CONTROL, FURTHERMORE, DOCTORS ORDERED THAT I UNDER-GO A VITAL CHECK UP TO 2-3 TIMES A WEEK. THEREFORE, PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANTS HAVE KNOWN OF THIS MEDICAL CONDITION LONG BEFORE THE INCIDENT OCCURRED.

19. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT AFTER THIS INCIDENT OCCURRED, THE DIAGNOSIS HAS ONLY WORSEN, DOCTOR HAVE NOT BEEN ABLE TO KEEP MY BLOOD PRESSURE AT A SAFE AND REASONABLE LEVEL, (THE AVERAGE VITAL CHECK IS RUNING AT 150 (OVER) 100) EVEN WITH THE MULTIPLE CHANGES IN THE MEDICATION.

## DEFENDANTS WRONGFUL ACTS

20. ON OR ABOUT THE MONTH OF FEBRUARY, PLAINTIFF'S CARE PROVIDER (OTHER THAN 'DEFENDANT,

DR. WILLIAMS) ORDERED THAT PLAINTIFF UNDER GO A TEST FOR HIS HEART CONDITION, THIS TEST REQUIRED: PBSP'S TOP RANKING APPROVAL, A SCHEDULED APPOINTMENT TO AN HOSPITAL THAT IS APPROXIMATELY THIRTY (30) MILES FROM PBSP'S COMPOUND, A TRANSPORTATION CREW, WHICH CONSIST OF ATLEAST, FOUR (4) HEAVILY ARMED CORRECTIONAL OFFICERS, DRIVING IN ATLEAST, TWO (2) GOVERNMENT ISSUED VEHICLES, AND A TASK THAT CONSUMED APPROXIMATELY EIGHT (8) HOURS TO COMPLETE.

21. AFTER TWO (2) OF THE ABOVE SCHEDULED APPOINTMENT BEING CANCELLED AFTER ARRIVAL. [REASON FOR CANCELATION OF FIRST SCHEDULED APPOINTMENT: P.B.S.P'S MEDICAL STAFF PROVIDED PETITIONER WITH MEDICATION THAT INTERVENES THE READING TO THE TEST, THEREFOR, THE RESULTS TO THE TEST WOULD HAVE BEEN INACCURATE, NOW THE FOLLOWING APPOINTMENT CAME AROUND AND FOURTY EIGHT (48) HOURS IN ADVANCE I WAS INFORMED BY P.B.S.P'S MEDICAL STAFF TO STOP THE MEDICATION THAT CAUSED THE FIRST APPOINTMENT TO BE CANCELLED, AT WHICH TIME I DID, NOW AFTER I ARRIVED TO THE APPOINTMENT, AND DURING THE PROPARATORY MEASURES BEING CONDUCTED, THE MEDICAL STAFF DISCOVERED THAT MY VITALS WERE ELIVATED TO A DEGREE THAT FELL PAST THE LIMIT THAT WOULD ALLOW THIS TEST IN PARTICULAR TO CONSTRUCT AN ACCURATE READING," WHICH SHOULD HAVE BEEN EXPECTED FOR THE MEDICATION THAT I WAS ORDERED TO STOP CONSUMING WAS ONE OF THE MANY HEART MEDICATIONS THAT KEPT MY VITALS IN CHECK," NONETHELESS, THE APPOINTMENT WAS CANCELLED.] DEFENDANT, DR. WILLIAMS, SUMMONED PLANTIFF TO HIS OFFICE TO ELABORATE ON THE FINANCIAL BURDEN THAT HAS ARISEN FROM THE APPOINTMENTS BEING CANCELLED, AT WHICH TIME DEFENDANT DR. WILLIAMS EXPRESSE TO PLAINTIFF THAT A DECISION WAS MADE BY DEFENDANT, ROBERT A. HOREL; DEFENDANT M. SAYRE; AND HIM SELF, THAT IF THE FOLLOWING APPOINTMENT, FOR ANY ["EMPHASIS ADDED"] IS NOT MET, I WILL BE LABELLED D.N.R (DO NOT RESUSCITATE) ["EMPHASIS ADDED"] (D.N.R IS A MEDICAL TERM THAT IS USED FOR MEDICAL PATIENTS THAT NO LONGER DESIRE MEDICAL TREATMENT UPON EMERGENCY OR OF THE LIKE, WHICH ULTIMATELY THE MEDICAL PATIENT MUST GIVE SOME, IF NOT, ALL APPROVAL TO THE LIFE ENDING DECISION)

22. ON JUNE 7, 2007, P.B.S.P'S MEDICAL STAFF, HAND-DELIVERED THE PREPARATIONAL INSTRUCTIONS FOR TEST (THIS TEST IS CALLED, EXERCISE TREADMILL STRESS TEST & MYOVIEW STRESS TEST, WHICH HAS TO DO WITH MY HEART CONDITION), WHICH STATES: "CONTINUE ALL OF YOUR MEDICATION AS DIRECTED... DO NOT STOP ANY"!

23. THE FOLLOWING DAY, JUNE 8, 2007, PLAINTIFF WAS TRANSPORTED TO THE HOSPITAL FOR THE SCHEDULED APPOINTMENT, AS THE NURSE WENT OVER MY MEDICAL CHART, AT THAT POINT IT WAS DISCOVERED THERE HAD BEEN A MEDICATION PLAINTIFF CONSUMED THAT COUNTERACTS THE TEST READING. (WHICH WOULD HAVE GAVE CAUSE TO CANCEL THE APPOINTMENT). PLAINTIFF THEN EXPLAINED TO THE NURSE THAT ALL THE MEDICATION THAT WAS PROVIDED TO PLAINTIFF WAS CONSUMED AS DIRECTED (VIA: PREPARATIONAL INSTRUCTIONS). FURTHERMORE, PLAINTIFF PROVIDED THE NURSE WITH THE INSTRUCTION SHEET, WHICH STATED: "CONTINUE ALL YOUR MEDICATION AS DIRECTED"! NOW BEING THAT PLAINTIFF'S MEDICATION IS IN MANY TYPES AND FREQUENTLY CHANGED, THE NURSE'S QUESTION TO IF I CONSUMED THE MEDICATION IN PARTICULAR, THAT IS SHOWN ON THE MEDICAL CHART THAT FALLS CONTRARY TO THE TEST, WAS BEYOND THE PLAINTIFF. SO THE TEST WAS CONDUCTED, BUT ULTIMATELY IT WAS DISCOVERED THE MEDICATION THAT FELL CONTRARY TO THE TEST, WAS IN FACT THE ONE THAT PLAINTIFF WAS DIRECTED TO TAKE, THEREFORE, THE TEST WAS CONSTRUCTED WITH INACCURATE RESULTS.

24. THERE AFTER, PLAINTIFF EXPRESSED CONCERN TO MEDICAL STAFF ON HOW THERE WAS AN ERROR IN THE PREPARATIONAL INSTRUCTIONS, WHICH GAVE CAUSE FOR THE INACCURATE RESULTS TO THE TEST, FURTHERMORE, PLAINTIFF EXPRESSED HIS DESIRE TO RETAKE THE TEST, AT WHICH TIME, DEFENDANT, DR. WILLIAMS DENIED PLAINTIFF'S REQUEST, FURTHER ADDING: PLAINTIFF WAS AWARE OF THE CONSEQUENCES TO A FAILED TEST.

24. ON OR ABOUT JUNE 24, 2007, PLAINTIFF WAS EXPERIENCING SEVERE PAIN IN HIS UPPER LEFT SHOULDER AREA, NUMBNESS IN THE LEFT ARM, AND SWEATINESS.

25. PLAINTIFF INFORMED DEFENDANT MORRISON OF THE MEDICAL EMERGENCY, AT WHICH TIME DEFENDANT MORRISON NOTIFIED MEDICAL STAFF (DEFENDANT RODRIGUEZ)

26. APPROXIMATELY FIVE (5) MINUTES HAD GONE BY WHEN DEFENDENTS REILLY, AND JOSE ARRIVED AT MY CELL FRONT, PLACED ME IN HANDCUFFS AND ESCORTED ME TO THE CLINIC WHERE I WAS PLACED BEFORE DEFENDANT RODRIGUEZ.

27. PLAINTIFF EXPLAINED TO DEFENDANT RODRIGUEZ ON THE PAIN THAT WERE OCCURING, FURTHER ADDING THE HEART CONDITION THATS BEEN DIAGNOSED BY DOCTORS, DEFENDANT RODRIGUEZ PULLED MY CHART OFF THE COMPUTER THAT SIT BEFORE HIM AND CONTINUE TO SCAN THROUGH MY FILES, THERE AFTER, DEFENDANT RODRIGUEZ TURNED TO ME AND ASKED "WHAT DO I WANT

HIM TO DO ABOUT IT". I THEN AGAIN EXPLAINED TO DEFENDENT RODRIGUEZ, HOW I HAD A BAD HEART, I'M EXPERIENCING SIGNS OF A HEART ATTACK AND TO PLEASE HELP ME,

28. AT THAT POINT, DEFENDANT RODRIGUEZ, GOT UP FROM HIS CHAIR AND CONDUCTED A VITAL CHECK, AND SAT BACK DOWN IN THE CHAIR AND ASKED ME "WHAT I WANTED HIM TO DO NOW"? AGAIN, I ASKED HIM TO PLEASE HELP ME, THE PAIN IS GETTING WORSE, AT THAT POINT, DEFENDANT RODRIGUEZ LASHED OUT AT ME AND ACCUSED ME OF FAKING MY CRIES,

29. IT WAS THEN DECIDED BY DEFENDANTS RODRIGUEZ, JOSE, AND REILLY TO PLACE ME IN A SMALL CAGE, DEFENDANT JOSE, ORDERED ME TO CONDUCT A FULL-BODY STRIP SEARCH, I EXPLAINED TO DEFENDANT JOSE, THAT I WAS IN FAR TOO MUCH PAIN TO FOLLOW THROUGH WITH SUCH ORDERS, AT WHICH TIME DEFENDANT JOSE ASSURED PLAINTIFF THAT HE WONT BE RECEIVING ANY MEDICAL ATTENTION WITHOUT FIRST PROVIDING A FULL-BODY STRIP SEARCH

30. PLAINTIFF WAS ABLE TO GIVE DEFENDANT JOSE BOTH PAIR OF SHOES, AT WHICH TIME, PLAINTIFF STARTED TO BLACK OUT, THIS IS WHEN DEFENDANT REILLY ENTERED PLAINTIFF'S AREA, AND DEFENDANT JOSE INFORMED REILLY MY INABILITY TO RENDER A STRIP SEACH,

31, DEFENDANT REILLY ORDERED PLAINTIFF TO SUBMIT TO HANDCUFFS WITH MY HANDS BEHIND MY BACK,

32, DEFENDANT MORRISON INFORMED DEFENDANT REILLY, PLAINTIFF SHOULD REMAIN AT IS, FOR DEFENDANT MORRISON JUST RECEIVED A CALL FROM THE INFERMARY AND TOLD THAT A REGISTERED NURSE WAS ON (S)HE WAY TO SEE PLAINTIFF.

33, DEFENDANTS REILLY AND MORRISON WALKED OVER TO A DISCLOSED AREA, WHICH DEFENDANT REILLY RETURNED TO THE CAGE WHERE I WAS LOCATED AND PROCEEDED WITH HIS ORDERS IN HANDCUFFING PLAINTIFF

34, DEFENDANT, JOSE AND HIS PARTNER ESCORTED PLAINTIFF (IN HANDCUFFS AND WITHOUT ANY SHOES) BACK TO MY CELL, WHILE DEFENDANT JOSE WAS REMOVING THE HANDCUFFS FROM BEHIND MY BACK, PLAINTIFF ASKED DEFENDANT JOSE WHY ARE YOU PEOPLE NEGLECTING MY MEDICAL EMERGENCY, WHICH DEFENDANT JOSE REPLIED BY SAYING "THEY KNOW YOUR FAKING IT"! AND LEFT,

34, APPROXIMATELY FIVE (5) MINUTES AFTER DEFENDANT JOSE LEFT MY PRESENCE,

76T576T-

AND THE PAIN TURNING FROM SEVERE TO EXCRUCIATING, PLAINTIFF NOTIFIED THE TOWER OFFIC-ER AND INFORMED HIM THAT I WAS HAVING A HEART ATTACK AND I NEED HELP,

35. SHORTLY AFTER, DEFENDANTS REILLY AND RODRIGUEZ APPEARED AT MY CELL FRONT AND DEFENDANT RODRIGUEZ HANDED PLAINTIFF A PILL THAT DOCTORS PRESCRIBED FOR BACK PROBLEMS, PLAINTIFF EXPLAINED TO THEM BOTH THE BACK MEDICATION IS OF NO CONCERN AND THE CHEST PAINS ARE WORSENING.

36. DEFENDANT RODRIGUEZ THAN AGAIN ACCUSED PLAINTIFF OF FAKING THE CHEST PAINS, AT WHICH POINT PLAINTIFF PLEADED TO BOTH DEFENDANT RODRIG-UES AND REILLY NOT TO LEAVE ME UNATTENDED

37. DEFENDANT RODRIGUEZ LASHED OUT "FALL DOWN.... FALL DOWN.... SEE THERES NOTHING WRONG WITH YOU, YOUR FAKING IT"!! AT WHICH POINT, BOTH DEFENDANTS RODRIGUEZ AND REILLY EXITED MY PRESENCE.

FIRST CAUSE OF ACTION

VIOLATION OF PLAINTIFF'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSITUTION: NO PERSON SHALL BE DEPRIVED OF LIFE, WITHOUT DUE PROCESS OF LAW.

38. PLAINTIFF REPEATS AND REALLEGES EACH AND EVERY ALLEGATION IN PARAGRAPHS ONE (1) THROUGH 39 AS IF FULLY SET FORTH HEREIN.

40. AT ALL TIMES RELEVANT HERE TO, DEFENDANTS ACTED UNDER COLOR OF STATE LAW.

41. DEFENDANTS VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS BY FAILING TO FIRST SEEK PLAINTIFF'S APPROVAL AND/OR DESIRE IN OFFICIATING A D.N.R (DO NOT RESUSCITATE) LABEL.

42. DEFENDANTS, AMONG OTHER THINGS AND ON INFORMATION AND BELIEF, FAILED TO TAKE THE PROPER STEPS BY FIRST AND FOREMOST OBTAINING PLAINTIFF'S APPROVAL AND/OR DESIRE ON SUCH A MEDICAL

76T576T-

TREATMENT, MORE OVER, VALIDATING THE D.N.R LABEL WITH THE REQUIRED DOCUMENTS SETIN DOING SO.

43. AS A DIRECT RESULT OF DEFENDANTS WRONGFUL ACTS, PLAINTIFF HAS SUFFERED A VIOLATION OF MY CONSTITUTIONAL RIGHTS RESULTING IN, AMONG OTHER THINGS, PHYSICAL AND EMOTIONAL PAIN, HUMILIATION, AND FEAR.

SECOND CAUSE OF ACTION

VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AS GUARANTEED BY THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

44. PLAINTIFF REPEATS AND REALLEGES EACH AND EVERY ALLEGATION IN PARAGRAPHS 1 THROUGH 43 AS IF FULLY SET FORTH HEREIN.

45. AT ALL TIMES RELEVANT HERETO, DEFENDANTS ACTED UNDER COLOR OF STATE LAW.

46. DEFENDANTS CAUSED PLAINTIFF TO SUFFER CRUEL AND UNUSUAL PUNISHMENT THROUGH THEIR DELIBERATE INDIFFERENCE TO MY SERIOUS MEDICAL EMERGENCY BY REFUSING TO TREAT PLAINTIFF FOR MY DIAGNOSED CONDITION OF HYPERTENSION.

46. DEFENDANTS CAUSED PLAINTIFF TO SUFFER CRUEL AND UNUSUAL PUNISHMENT THROUGH THEIR DELIBERATE INDIFFERENCE TO MY MEDICAL NEEDS BY SUBJECTING PLAINTIFF TO A FULL BODY STRIP SEACH DURING A MEDICAL EMERGENCY THAT WAS SO OBVIOUS THAT EVEN A LAY PERSON WOULD EASILY RECOGNIZE THE NECESSITY FOR A DOCTOR'S ATTENTION.

47. DEFENDANTS CAUSED PLAINTIFF TO SUFFER CRUEL AND UNUSUAL PUNISHMENT THROUGH THEIR DELIBERATE INDIFFERENCE TO MY MEDICAL EMERGENCY BY FAILING TO CONDUCT STANDARD PROCEDURE IN THE EVENT OF NONEXPLAINED CHEST PAINS

48. DEFENDANTS CAUSED PLAINTIFF TO SUFFER CRUEL AND UNUSUAL PUNISHMENT THROUGH THEIR DELIBERATE INDIFFERENCE TO MY MEDICAL EMERGENCY

76T576T-

BY PREVENTING AN INMATE (PLAINTIFF) FROM RECEIVING TREATMENT AND DENYING ME ACCESS TO MEDICAL PERSONNEL CAPABLE OF EVALUATING THE NEED FOR TREATMENT.

49. DEFENDANTS CAUSED PLAINTIFF TO SUFFER CRUEL AND UNUSUAL PUNISHMENT THROUGH THEIR DELIBERATE INDIFFERENCE TO MY MEDICAL EMERGENSE WHEN DEFENDANTS FORCED PLAINTIFF BACK TO HIS CELL AND DENIED MEDICAL ATTENTION. BECAUSE PLAINTIFF WAS UNABLE TO CONDUCT A FULL-BODY STRIP SEARCH

50. DEFENDANTS AMONG OTHER THINGS AND ON INFORMATION AND BELIEF, FAILED TO TAKE REASONABLE STEPS TO AVOID OBVIOUS RISKS OF SERIOUS HARM TO PLAINTIFF

51. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANTS HAVE ACTED INTENTIONALLY IN THE MANNER DESCRIBED ABOVE AND WITH KNOWLEDGE OF PLAINTIFF'S SUFFERING AND RISKS OF FURTHER SERIOUS HARM THAT COULD RESULT FROM THEIR ACTIONS OR REFUSAL TO ACT

52. AS A PROXIMATE RESULT OF THE DEFENDANTS' CONDUCT, PLAINTIFF HAS SUFFERED AND CONTINUES TO SUFFER GENERAL DAMAGES IN THE FORM OF SEVERE PAIN IN THE CHEST AREA, HEADACHES, ELEVATED VITAL THAT DOCTOR'S ARE UNABLE TO CONTROL PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT I WILL CONTINUE TO SUFFER SUCH DAMAGES IN THE FUTURE.

53. IN ACTING AS DESCRIBED HEREIN ABOVE, DEFENDANTS ACTED DESPICABLY, KNOWINGLY, WILFULLY, AND MALICIOUSLY, OR RECKLESS OR CALLOUS DISREGARD FOR PLAINTIFF'S FEDERALLY PROTECTED RIGHTS, ENTITLING PLAINTIFF TO AN AWARD OF EXEMPLARY AND PUNITIVE DAMAGES

PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RICKY GONZALES, PRAYS FOR JUDGMENT AGAINST DEFENDANTS AS FOLLOWING:

1. FOR INJUNCTIVE RELIEF IN THE FORM OF PROPER MEDICAL DIAGNOSTIC TESTING AND TREATMENT ACCORDING TO PROOF:

2. FOR GENERAL DAMAGES, ACCORDING TO PROOF

3. FOR SPECIAL DAMAGES, ACCORDING TO PROOF

4. FOR PUNITIVE DAMAGES, ACCORDING TO PROOF

5. FOR REASONABLE ATTORNEYS FEES PURSUANT TO 42 U.S.C 1988

6. FOR COST OF THE SUIT; AND

7. FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM JUST AND PROPER

DATED 4/20/08

BY: RICKY GONZALES

PLAINTIFF

I, PLAINTIFF RICKY GONZALES, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

EXECUTED 4/20/08

# PROOF OF SERVICE BY MAIL

(C.C.P. section 101a #2015.5, 20 U.S.C. section 1746)

I, RICKY GONZALES, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below entitled action.

My Address is: P.O. Box 7500; Crescent City, CA 95531.

On the 24 day of APRIL, in the year of 2008, I served the following documents: (set forth the exact title of documents served)

AMENDED COMPLAINT

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postaage thereon fully paid, in the United states mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

~~U.S. Northern Dist. of Ca.~~
U.S. Courthouse
450 Golden Gate Ave.
San Francisco, Ca. 94102-3483

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 24 day of APRIL, 2008.

Signed: [signature]
(Declarant Signature)

Rev: 05/10/00