UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICKY GONZALES,     No. C 07-5346 SI (pr)

    Plaintiff,     **ORDER OF DISMISSAL**

    v.

REILLY; et al.,

    Defendants.
                                   /

This action was commenced when plaintiff filed a complaint in which he alleged that defendant prison officials responded inadequately when he complained that he thought he was having a heart attack on June 24, 2007. The court dismissed the complaint with leave to amend, explaining that the allegations showed some insensitivity by prison officials but did not state a claim for an Eighth Amendment violation. The court gave leave to amend with directions for plaintiff to attempt to allege facts that "might show that he was harmed by defendants' actions and inactions that day." Order of Dismissal With Leave To Amend, p. 2. Plaintiff then filed an amended complaint and a second amended complaint. His second amended complaint is now before the court for review.

The second amended complaint does not cure the defects identified in the Order of Dismissal With Leave To Amend. In fact, it has nothing to do with the medical episode that was the subject of the original complaint. The second amended complaint concerns plaintiff's placement in administrative segregation and his validation as a gang affiliate. Not only are the acts and omissions that give rise to the second amended complaint different, the legal claims are different and the defendants are an entirely different set of defendants than those in the original complaint.

The Eighth Amendment medical care claim must be dismissed. The original complaint failed to state a claim upon which relief could be granted with regard to the medical care claim, and the second amended complaint did not cure the defects in the original complaint with regard to the medical care claim.   Further leave to amend will not be granted because the court has already explained what the deficiencies were and provided guidance for plaintiff to cure the deficiencies, but  plaintiff was unable or unwilling to cure them.

The new claims in the second amended complaint must be dismissed for the separate reason that they are not properly joined under Federal Rule of Civil Procedure 20(a).  Rule 20 provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  The claims about placement in administrative segregation and gang validation are dismissed because they (a) do not arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) do not present questions of law or fact common to all defendants.  The dismissal of the improperly joined claims means only that they cannot be pursued in this action – plaintiff is free to file a new action to pursue those claims.

For the foregoing reasons, this action is DISMISSED.  The dismissal of the medical care claim is with prejudice and the dismissal of the improperly joined claims is without prejudice to plaintiff pursuing them in a new civil rights action.  The clerk shall close the file.

IT IS SO ORDERED.

Dated: October 16, 2009

_____
SUSAN ILLSTON
United States District Judge

2